UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LUCAS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-56 |
| BLANKENSHIP CONSTRUCTION CO.; DOUG BLANKENSHIP; and NATHAN MARLEN, | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Joseph Lucas, by and through his undersigned attorneys, states as follows for his Complaint against Defendants Blankenship Construction Co., Doug Blankenship, and Nathan Marlen asserting claims for trespass, violation of the Illinois Wrongful Tree Cutting Act, and conversion:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Joseph Lucas is a U.S. citizen domiciled in Jefferson County, Missouri. He is therefore a citizen of Missouri for purposes of diversity jurisdiction. Lucas owns real property located in Fayette County, Illinois, that is the subject matter of this dispute.

2. Defendant Blankenship Construction Co. ("Construction Co.") is an Illinois corporation with its principal place of business in Bond County, Illinois. It is therefore an Illinois citizen for purposes of diversity jurisdiction.

3. Defendant Doug Blankenship ("Blankenship") is a U.S. citizen domiciled in Bond County, Illinois. He is therefore a citizen of Illinois for purposes of diversity jurisdiction.

4. Defendant Nathan Marlen is a U.S. citizen domiciled in St. Clair County, Illinois. He is therefore a citizen of Illinois for diversity purposes.

5. This Court has original jurisdiction over this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of States. In particular, complete diversity exists because Lucas and Defendants do not share citizenship of the same State. Lucas is a citizen of Missouri, and Defendants are citizens of Illinois.

6. As described more fully below, the amount in controversy in this matter well exceeds $75,000.

7. Venue is proper in this District pursuant to 28 U.SC. § 1391(b)(1) because at least one Defendant resides in this District and all Defendants reside in Illinois.

8. Venue is proper in this District also pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here, or a substantial part of property that is the subject of the action is situated here.

## BACKGROUND FACTS

9. Lucas owns real property in Fayette County, Illinois (the "Lucas Property") with the following legal description (both tracts comprise the Lucas Property):

TRACT 1: Part of the East Half of the Northeast Quarter of Section 33, Township 7 North, Range 1 East of the Third Principal Meridian, more particularly described as follows:

Beginning at an Iron Pin (set) marking the Northeast corner of Section 33; thence South 0 degrees 41 minutes 59 seconds West, (basis of bearings per Illinois State Plane Coordinate System, Zone East, NAD83) along the East line of the Northeast Quarter of said Section 33, a distance of 2248 feet more or less to the center of the Kaskaskia River; thence Northwesterly along the center of the Kaskaskia River a distance of 2445 feet more or less to the North line of the Northeast Quarter of said Section 33; thence South 87 degrees 22 minutes 51 seconds East, along the North line of the Northeast Quarter of said Section 33, a distance of 890 feet more or less to the Point of Beginning, situated in FAYETTE COUNTY, ILLINOIS.

TRACT 3: Part of the Southeast Quarter of the Southwest Quarter of Section 34, Township 7 North, Range 1 East of the Third Principal Meridian, more particularly described as follows:

Beginning at an Iron Pin (set) marking the Northwest corner of the Southeast Quarter of the Southwest Quarter of said Section 34; thence South 88 degrees 17 minutes 13 seconds East (basis of bearings per Illinois State Plane Coordinate System, Zone East, NAD83), along the North line of the Southeast Quarter of the Southwest Quarter of said Section 34, a distance of 734.42 feet to an Iron Pin (set); thence South 23 degrees 54 minutes 00 seconds East a distance of 115.95 feet to an Iron Pin (set); thence South 9 degrees 35 minutes 16 seconds West a distance of 1112 feet more or less to the center of the Kaskaskia River; thence in a Northwesterly direction along the center of the Kaskaskia River a distance of 814 feet more or less to the West line of the Southeast Quarter of the Southwest Quarter of said Section 34; thence North 0 degrees 50 minutes 53 seconds East, along the West line of the Southeast Quarter of the Southwest Quarter of said Section 34, a distance of 682 feet more or less to the Point of Beginning, situated in FAYETTE COUNTY, ILLINOIS.

10. Defendant Marlen owns real property in Fayette County, Illinois that is adjacent to and abuts the Lucas Property.

11. The relevant parcel of the Lucas Property is approximately 14.7 acres in size and heavily wooded. Lucas and his family and other guests use the property primarily for hunting.

12. It is critical to Lucas's quiet enjoyment of his property that he able to enter onto and traverse it relatively unimpeded.

13. One original characteristic of the Lucas Property when Lucas bought it in August 2016 was a relatively small and shallow drainage ditch on the property (the "Original Ditch"). The size of the Original Ditch remained unchanged from the time that Lucas purchased the Lucas Property until May 2021.

14. In May 2021 Blankenship and Construction Co., at Marlen's direction and without Lucas's permission or knowledge, intentionally entered onto the Lucas Property and excavated the Original Ditch to make it substantially wider, longer, and deeper.

15. In addition, Blankenship and Construction Co., again at Marlen's direction and without Lucas's permission or knowledge, intentionally excavated an entirely new ditch running directly across the Lucas Property from east to west (the "New Ditch").

16. The expanded Original Ditch and the New Ditch substantially impede Lucas's access to the Lucas Property. In particular, the New Ditch creates a barrier essentially blocking easy access from the main portion of the Lucas Property to the portion on the other side of the New Ditch.

17. Upon information and belief, Blankenship personally directed the work of Construction Co. agents while he was physically on the Lucas Property.

18. Expanding the Original Ditch and creating the New Ditch on the Lucas Property benefits Marlen and his use of the Marlen Property at Lucas's expense.

19. Before the unlawful excavation, Defendants knew that the Original Ditch and the site of what would become the New Ditch were on the Lucas Property, and that Plaintiff had not permitted Defendants to enter the Lucas Property for any reason.

20. During the excavation in May 2021, Blankenship and Construction Co., at Marlen's direction (or at the very least knowing that Marlen's conduct would result in the damage) and without Lucas's permission or knowledge, deliberately destroyed and removed from the Lucas Property many trees, including valuable hardwood trees.

21. Defendants acted maliciously, wantonly, and willfully in their excavation and damage to the Lucas Property.

22. Replacing the removed and destroyed trees on the Lucas Property will cost approximately $200,000.00.

## COUNT I
(Trespass to Land)

23. Lucas re-alleges and incorporates by reference his allegations above as if fully set forth herein.

24. At all material times, Lucas owned the Lucas Property and had the right of exclusive possession thereof.

25. Defendants intentionally entered upon, or caused one or more others to enter upon, the Lucas Property without Lucas's permission.

26. Defendants intentionally excavated the Lucas property in the manner described above.

27. Defendants knew with substantial certainty that their conduct would cause damage to Lucas's property.

28. Defendants' intentional entry onto Plaintiff's Property and excavation work, individually and collectively, is a trespass that caused Lucas damage and loss.

29. As a direct and proximate result of one or more of Defendants' intentional acts or omissions, Plaintiff sustained, and continues to sustain, damages in an amount to be determined at trial, but certainly in excess of $75,000.

30. Defendants' conduct was willful, wanton, and in conscious or reckless disregard of Lucas's rights.

## COUNT II
(Violation of the Illinois Wrongful Tree Cutting Act, 740 ILCS 185/1 to /7)

31. Lucas re-alleges and incorporates by reference his allegations above as if fully set forth herein.

32. At all relevant times, Lucas owned all timber or trees on the Lucas Property.

33. While on the Lucas Property in May 2021, Defendants intentionally cut or knowingly caused to be cut timber or tree on the Lucas Property which they did not have the legal right to cut or cause to be cut, as explained above.

34. Accordingly, Defendants are legally obligated under the Illinois Wrongful Tree Cutting Act to pay Lucas, as the owner of the timber or trees, three times its "stumpage value," where "stumpage value" is "the value of timber as it stands uncut in terms of an amount per unit of volume expressed as dollar value per board foot for that portion of a tree or timber deemed merchantable by Illinois forest products markets."

35. Defendants' conduct was willful, wanton, and in conscious or reckless disregard of Lucas's rights.

## COUNT III
(Conversion)

36. Lucas re-alleges and incorporates by reference his allegations above as if fully set forth herein.

37. At all relevant times, Lucas owned all trees on the Lucas Property and had the right of exclusive and immediate possession thereof.

38. In May 2021, Defendants assumed control, dominion, and ownership over Lucas's trees on the Lucas Property and deprived Lucas of the benefits of the possession of those trees.

39. Lucas suffered damage as a proximate result of Defendants' conversion of his trees as described above.

40. Defendants' conduct was willful, wanton, and in conscious or reckless disregard of Lucas's rights.

## COUNT IV
(Trespass to Chattels)

41. Lucas re-alleges and incorporates by reference his allegations above as if fully set forth herein.

42. At all relevant times, Lucas owned all trees on the Lucas Property and had the right of exclusive and immediate possession thereof.

43. In May 2021, Defendants intentionally dispossessed Lucas of his trees and/or intermeddled with his possession of the trees, as described above.

44. Lucas suffered damage as a proximate result of Defendants' conduct in relation to his trees.

45. Defendants' conduct was willful, wanton, and in conscious or reckless disregard of Lucas's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Lucas respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

(a) Compensatory damages in an amount to be determined at trial, jointly and severally against Defendants, in an amount in excess of $75,000;

(b) Statutory damages of three times the stumpage value of the timber or trees unlawfully cut down on the Lucas Property;

(c) Punitive damages in an amount to be determined at trial, jointly and severally against Defendants;

(d) Nominal damages in an amount to be determined at trial, jointly and severally against Defendants;

(e) Prejudgment and post-judgment interest;

(f) Costs and expenses incurred herein, including expert witness fees and reasonable attorneys' fees pursuant to applicable law;

(g) Other relief as equity may require, including but not limited to declaratory and injunctive relief.

## DEMAND FOR JURY

Plaintiff Joseph Lucas hereby a trial by jury on any issue so triable of right.

Dated:  January 10, 2023.

Respectfully submitted,

POLSINELLI PC

By: */s/ Britton St. Onge*
BRITTON L. ST. ONGE
Lead Counsel
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Tel. 314.889.8000
Fax: 314.231.1776
bstonge@polsinelli.com
mailto:jbierman@polsinelli.com
*Attorneys for Plaintiff Joseph Lucas*

87504260