IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-56-SMY |
| | ) |
| BLANKENSHIP CONSTRUCTION CO., | ) |
| DOUG BLANKENSHIP, and | ) |
| NATHAN MARLEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joseph Lucas filed this action against Defendants Blankenship Construction Co., Doug Blankenship (the "Blankenship Defendants") and Nathan Marlen, asserting state law claims for trespass, violation of the Illinois Wrongful Tree Cutting Act, and conversion. This case is now before the Court for consideration of the Defendants' motions to dismiss (Docs. 18, 21), to which Lucas responded (Docs. 21, 22). For the following reasons, the motions are **DENIED**.

### Background

Lucas makes the following relevant allegations in the Complaint: Lucas owns a heavily wooded 14.7-acre parcel of land in Fayette County, Illinois. Lucas and his family utilize the property primarily for hunting. Marlen owns the neighboring property that is adjacent to and abuts Lucas' property. When Lucas purchased the property in August 2016, it had a relatively small and shallow drainage ditch. In May 2021, Blankenship Construction Co., at Marlen's direction and without Lucas' permission or knowledge, intentionally entered onto the Lucas property and excavated the ditch to make it substantially wider, longer, and deeper. Additionally, Defendants

intentionally excavated a new ditch running directly across the Lucas property from east to west. The ditches substantially impede Lucas' access to his property. During the ditch excavation, Blankenship, at Marlen's direction, deliberately destroyed and removed many trees from Lucas' property. Replacing the removed and destroyed trees will cost approximately $200,000.00.

## Discussion

Defendants move to dismiss Lucas' Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

### Blankenship Defendants' Motion to Dismiss (Doc. 18)

The Blankenship Defendants move to dismiss Lucas' Complaint pursuant to Rule 12(b)(1), asserting this Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. Specifically, Defendants argue that, despite Lucas' allegations that replacing the destroyed trees will cost approximately $200,000.00, Lucas' allegations provide no support justifying the damages.

When the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with competent proof. *LM Insurance Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). The case may only be dismissed if it is legally certain that the recovery (from plaintiff's perspective) or costs of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *Id*.

Here, Lucas attached a declaration to his response stating that he secured a quote in January 2023 from Paul Tree Farms regarding the destroyed trees. The quoted cost to replace the trees totaled $210,750. This is sufficient to satisfy the amount in controversy requirement in this case. Accordingly, the motion is denied.

### Defendant Marlen's Motion to Dismiss (Doc. 21).

Defendant Marlen moves to dismiss Lucas' Complaint under Rule 12(b)(6) for failure to state a claim. Marlen asserts that the only allegation against him – that he directed the co-defendants in the alleged excavating and tree-cutting activities – is not sufficient to impose liability against him for trespass, conversion, or a violation of the Illinois Wrongful Tree Cutting Act.

To state a trespass claim under Illinois law, a plaintiff must plead "negligent or intentional conduct by the defendant which resulted in an intrusion on the plaintiff's interest in exclusive possession of land." *Sak v. CitiMortgage, Inc.*, 940 F. Supp. 2d 802, 804 (N.D. Ill. 2013). An individual who aids, abets, assists, or directs the commission of a trespass by another can be liable for trespass. *Id*. Lucas' allegations that Marlen directed the Blankenship Defendants to enter onto Lucas' property, excavate an existing ditch and dig a new ditch on his property, and destroy and remove trees state a colorable claim for trespass.

Lucas' allegations are also sufficient to state a claim under the Illinois Wrongful Tree Cutting Act, which creates liability for "any party found to have intentionally cut or knowingly

caused to be cut any timber or tree" that "he or she did not have the legal right to cut or cause to be cut." 740 ILCS 185/2; *see Aaron v. Hendrickson*, 221 Ill. App. 3d 842, 854 (5th Dist. 1991). Finally, under Illinois law, a claim for conversion or trespass to chattels requires establishing the "wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *In re Thebus,* 483 N.E.2d 1258, 1260 (1985) (quoting *Bender v. Consolidated Mink Ranch, Inc.,* 441 N.E.2d 1315, 1320 (1982)). Under the liberal pleading standards, Lucas has stated a claim for conversion and trespass to chattels. Accordingly, the motion is denied.

    **IT IS SO ORDERED.**

    **DATED:  June 14, 2023**

                                                 **STACI M. YANDLE**
                                                 **United States District Judge**