UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LUCAS,<br><br>      Plaintiff,<br><br>  v.<br><br>BLANKENSHIP CONSTRUCTION CO., DOUG BLANKENSHIP, and NATHAN MARLEN, Individually, and as Trustee of the James E. Marlen and JoAnn Marlen Declaration of Trust, Dated January 27, 2010,<br><br>      Defendants. | Case No. 23-cv-56-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on two nearly identical motions for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), the first filed by defendant Nathan Marlen (Doc. 47), the second by defendant Doug Blankenship and Blankenship Construction Company (Doc. 48). Plaintiff Joseph Lucas has responded to the motions (Docs. 53).

Generally, liberal federal notice pleading rules require only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Where a defendant thinks a complaint is too vague or ambiguous for it to respond intelligently or for the Court to handle the litigation effectively, it may move for a more definite statement under Rule 12(e). *See Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir.

2020).  Under Rule 12(e), it is within the Court's discretion to order a party to provide a more definite statement, although such motions are not favored in view of the liberal federal pleading standards discussed above.  More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail.  *See, e.g., American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991).  Discovery is a more appropriate vehicle for fleshing out the details of a case.  *See Moore*, 869 F. Supp. at 560.  Furthermore, courts are not receptive to such motions if the details sought could easily be obtained by the defendant.  *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.36[3] (3d ed. 2005).

The Court has reviewed the plaintiff's First Amended Complaint (Doc. 44) and finds it intelligible and clear enough for the defendants to respond to it and for the Court to handle the litigation of this case.  The Court can easily determine which defendant is alleged to have performed which acts, which satisfies federal notice pleading standards, and it is clear that the plaintiff seeks damages from all defendants.  The details the defendants seek can be uncovered in discovery.  Accordingly, the Court **DENIES** the defendants' motion for a more definite statement (Docs. 47 & 48) and **ORDERS** that the defendants shall have 14 days from entry of this order to answer or otherwise respond to the First Amended Complaint.  *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**
**DATED:  November 6, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**