IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:23-cv-00056 –JPG |
| | ) |
| BLANKENSHIP CONSTRUCTION CO., | ) |
| DOUG BLANKENSHIP, and NATHAN | ) |
| MARLEN, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT NATHAN MARLEN'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendant, Nathan Marlen, by and through his undersigned attorneys, and moves this Court pursuant to Fed. R. Civ. P. 56 for summary judgment in his favor on all claims raised in the First Amended Complaint that seek recovery from him in his individual capacity (as opposed to those claims that seek recovery from the James E. Marlen and JoAnn Marlen Declaration of Trust, Dated January 27, 2010).  In support of his motion, Defendant states as follows:

**STATEMENT OF MATERIAL FACTS**

1. Plaintiff Joseph Lucas owns land in Fayette County, Illinois, that borders land owned by the James E. Marlen and JoAnn Marlen Declaration of Trust, Dated January 27, 2010 [hereinafter "Marlen Land Trust"].  <u>First Amended Complaint</u>, Doc. No. 44, ¶¶ 9-10; <u>Defendant Nathan Marlen's Answer to Plaintiff's First Amended Complaint</u>, Doc. No. 56, ¶¶ 9-10.

2. James Marlen was the trustee of the Marlen Land Trust until his death in April 2022; thereafter, Nathan Marlen became the trustee of the Marlen Land Trust.  Doc. No. 44, ¶ 4; Doc. No. 56, ¶ 4.

3. In 2021, defendant Doug Blankenship entered into a lease agreement with the Marlen Land Trust that allowed Blankenship's company, Triangle Grain, to farm the Marlen property. *See* Deposition of Doug Blankenship, attached hereto as Exhibit A, pp. 18-20.

4. In a meeting with James Marlen and defendant Nathan Marlen before any farming operations commenced, Blankenship recommended that a concrete structure he saw during a visit to the Marlen Land Trust's property be removed to improve drainage on the Marlen property. Exhibit A, pp. 67-69, 71.

5. James Marlen responded to Blankenship's recommendation by saying that he had installed that structure years ago in an attempt to flood the Marlen Land Trust property for duck hunting, but it did not work, so Blankenship could "Go ahead and take it out." Exhibit A, p. 71, lines 5-22.

6. Although Nathan Marlen was present at this meeting, he did not participate in the discussion. Exhibit A, p 73, line 24 – p. 25, lines 1-2.

7. Blankenship then directed one of his employees, Rex Moreland, to remove the concrete structure and to do other work aimed at improving drainage on the Marlen property. Exhibit A, pp. 64-65, 79-81.

8. In the course of performing the work Blankenship directed him to do, Moreland entered onto the plaintiff's property, did some excavation of a ditch on the plaintiff's property, and removed trees on the plaintiff's property, purportedly without the permission of the plaintiff. Exhibit A, pp. 83-84, 86-87.

9. On January 10, 2023, the plaintiff filed a Complaint against Nathan Marlen, Blankenship, and Blankenship's company, Blankenship Construction Co., in the United States District Court for the Southern District of Illinois. Doc. No. 1.

10. In his Complaint, the plaintiff alleged that in May 2021, Blankenship and his company, at Nathan Marlen's direction, intentionally entered onto the plaintiff's property, excavated a ditch thereon, created a new ditch across the property, and deliberately destroyed and removed trees from the property.  Doc. No. 1, ¶¶ 14, 15, 20.

11. On February 27, 2023, Nathan Marlen filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff's simple allegations of Nathan "directing" Blankenship were insufficient to impose any potential liability on Nathan's part with respect to Blankenship's alleged trespass and removal of trees from the plaintiff's property.  Doc. No. 21.

12. On June 14, 2023, this Court entered an order that, in part, denied Nathan Marlen's motion to dismiss.  Doc. No. 29.  In the order, the Court stated: "Lucas' allegations that [Nathan] Marlen directed the Blankenship Defendants to enter onto Lucas' property, excavate an existing ditch and dig a new ditch on his property, and destroy and remove trees state a colorable claim for trespass."  Doc. No. 29, p. 3.

13. In his sworn interrogatory answers, Blankenship denied that he ever received any instructions or directives from Nathan Marlen regarding the plaintiff's property.  *See* <u>Defendants Blankenship Construction Co. and Doug Blankenship's Combined Response to Plaintiff Joseph Lucas's Interrogatories</u>, attached hereto as <u>Exhibit B</u>, ¶ 6.

14. During his deposition on August 31, 2023, Blankenship testified that Nathan Marlen never directed him to enter the plaintiff's property (<u>Exhibit A</u>, p. 154, lines 2-4), never gave Blankenship any instructions about the removal of the concrete structure (*Id.*, p. 154, lines 12-14), never directed Blankenship to excavate a ditch on the plaintiff's property (*Id.*, p. 154, line 24 – p. 155, lines 1-3), and never directed Blankenship to remove any trees on the plaintiff's property (*Id.*, p. 168, lines 18-20).

15. Nathan Marlen did not provide any direction to Blankenship's employees with respect to the work that was done on the plaintiff's property. <u>Exhibit A</u>, p. 170, line 24 – p. 171, lines 1-2.

16. On October 6, 2023, the plaintiff filed a First Amended Complaint that included claims against Nathan Marlen, both in his individual capacity and in his capacity as the trustee of the Marlen Land Trust. Doc. No. 44.

17. The First Amended Complaint alleges that in May 2021, Blankenship and his company, at the direction of *both* Nathan Marlen *and* James Marlen – the latter of whom is alleged to have acted in his capacity as the trustee of the Marlen Land Trust – intentionally entered onto the plaintiff's property, excavated a ditch thereon, created a new ditch across the property, and deliberately destroyed and removed trees from the property. Doc. No. 44, ¶¶ 14, 15, 20.

18. On January 10, 2024, the plaintiff testified during a deposition that when he confronted Blankenship about the unauthorized work that had been done to the plaintiff's property, Blankenship apologized and said he was just following Nathan Marlen's instructions. *See* <u>Deposition of Joseph Lucas</u>, attached hereto as <u>Exhibit C</u>, p. 92. According to the plaintiff, Blankenship did not say what type of instructions he may have received from Nathan. *Id*., p. 117.

19. The aforementioned comment that the plaintiff claims Blankenship made is the only information the plaintiff has suggesting that Nathan Marlen provided any instructions to Blankenship about entering onto the plaintiff's property. <u>Exhibit C</u>, p. 92, lines 23-24 – p. 93, lines 1-3.

20. Had Blankenship not made the comment that the plaintiff has attributed to him about taking instructions from Nathan Marlen, the plaintiff would not have named Nathan Marlen as a defendant in this action. <u>Exhibit C</u>, p. 118, lines 6-12.

**ARGUMENT**

Under federal court rules, the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where the nonmoving party fails to establish the existence of an element essential to its cause of action, on which it bears the burden of proof. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir. 1995). Once the moving party shows a lack of an essential element of the nonmovant's cause of action, the burden moves to the nonmoving party "to identify with reasonable particularity the evidence that precludes summary judgment." *Id*. Although all facts, and reasonable inferences from those facts, must be construed in favor of the nonmoving party, the court is not required "to draw every conceivable inference in favor of the nonmoving party." *Id*. Instead, only those inferences that are reasonable and present a "sufficient disagreement to require submission to a jury" must be drawn by the court. *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Furthermore, "[s]ummary judgment is not a remedy to be exercised at the court's option; it *must be granted* when there is no genuine dispute over a material fact." *Anderson v. P.A. Radocy & Sons, Inc.*, 67 F.3d 619, 621 (7th Cir. 1995) *citing Anderson*, 477 U.S. at 248 (emphasis added).

Nathan Marlen has been sued both in his individual capacity and in his capacity as the trustee of the Marlen Land Trust. While the trustee of a land trust is a proper, albeit nominal, party in a lawsuit against the trust, the trustee can only be personally liable for torts committed in the administration of a trust if he is personally at fault. 760 ILCS 3/1010(b). This motion considers only Nathan's personal liability for the claims raised in this lawsuit, not any potential liability of the trust itself.

The only potential evidence plaintiff has suggesting personal liability on the part of Nathan for the alleged trespass and damage to property is plaintiff's testimony that he heard Doug Blankenship make a comment that he was acting on Nathan's instructions. However, Blankenship denied, both in his interrogatory answers and during his deposition, that he received any instructions from Nathan regarding work on the plaintiff's property. Thus, the only way plaintiff can avoid summary judgment on the claims against Nathan individually is to rely on the truth of this alleged comment he claims that Blankenship made.

"To be considered on summary judgment, evidence must be admissible at trial." *Cairel v. Alderen*, 821 F.3d 823, 830 (7th Cir. 2016). "If the evidence is inadmissible hearsay, the courts may not consider it." *Id*. Blankenship's alleged comment about taking instructions from Nathan is inadmissible hearsay and cannot be considered for purposes of summary judgment.

Hearsay is a statement that a declarant does not make while testifying at trial or at a hearing but which a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. of Evid. ("FRE") 801(c). The alleged comment of Blankenship – that he was acting on Nathan's instructions – is an out-of-court statement that would need to be offered by the plaintiff for the truth of the matter asserted. Thus, it falls squarely within the definition of hearsay and is inadmissible evidence, both at trial and at the summary judgment stage.

Blankenship's alleged comment does not fall under the exception to the hearsay definition for admissions by party opponents. This exception states: "A statement that meets the following conditions is not hearsay: … The statement is offered against an opposing party and … was made by the party in an individual or representative capacity." FRE 801(d)(2)(A). While the statement in question is purported to be made by an opposing party – Blankenship – in order to avoid

summary judgment, the plaintiff would have to use that statement against a different party – Nathan Marlen. The exception in FRE 801(d)(2)(A) does not extend that far.

In *Jordan v. Binns*, 712 F.3d 1123 (7th Cir. 2013), the Seventh Circuit Court of Appeals clarified that, for an out-of-court statement to be admissible under FRE 801(d)(2)(A), two requirements must be met: "a statement was made by a party, and the statement was offered against *that party*." *Id*. at 1128-29 (emphasis added). Federal courts have repeatedly recognized that if an out-of-court statement purportedly made by one party is being used against a different party to the litigation, it does not fall under FRE 801(d)(2)(A), and thus it is inadmissible hearsay as to that other party. *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017) ("Federal Rule of Evidence 801(d)(2)(A) only covers statements made by the party against whom the statements are offered."); *Agere Systems, Inc. v. Advanced Environmental Technology Corp.*, 602 F.3d 204, 232 (3d Cir. 2010) ("whether a statement constitutes inadmissible hearsay … depends on both who made the statement and whom it is being offered against. Here, while the stipulation might well be admissible non-hearsay if it were being offered against the parties who signed it, it should not have been admitted against Carpenter, since Carpenter did not sign it …"); *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) ("Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against that party."); *Dyer v. McCormick & Schmick's Seafood Restaurants, Inc.*, 264 F.Supp.3d 208, 240 (D.D.C. 2017) ("Rule 801(d)(2) requires that the statement be 'offered against' the party who made or authorized it. It follows that one party's statements may not be admitted under this rule against another party on the same side of the litigation.") (internal quotes and citations omitted).

To avoid summary judgment on the claims against Nathan individually, Blankenship's alleged comment that he was acting on Nathan's instructions would have to be admissible *against*

*Nathan*. Clearly, it is not. As the plaintiff candidly admitted in his deposition, this alleged comment is the only evidence he has that Nathan had any involvement in the alleged trespass onto the plaintiff's property. Since Blankenship's comment is inadmissible hearsay, it cannot be used against Nathan to defeat his right to summary judgment.

The alleged statement of Blankenship also is not admissible under FRE 801(d)(2)(D), which excepts admissions by a party's agent or employee from the hearsay definition, because there is no independent evidence aside from Blankenship's alleged hearsay statement that suggests any principal-agent relationship between Nathan and Blankenship. The fact of an agency relationship cannot be established by a hearsay statement of the purported agent. *See Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co.*, 833 F.2d 633, 635-36 (7th Cir. 1987); *U.S. v. Portsmouth Paving Corp.*, 694 F.2d 312, 321 n.12 (4th Cir. 1982) ("The evidence necessary to establish the existence and scope of the agency relationship must be independent of the statement attributed to the agent. In other words, to avoid bootstrapping, agency must be demonstrated without the help of the statement sought to be admitted."); *Auriemma v. City of Chicago*, No. 86 C 9260, 1990 WL 36774, at *5 (N.D. Ill. Mar. 2, 1990) ("an agent's statement concerning the fact of agency or the extent of his authority cannot bootstrap his testimony out of the hearsay exclusion … There must be independent evidence that establishes the fact of agency and the extent of authority.").

Yet, even if the comment the plaintiff attributes to Blankenship could somehow be considered admissible evidence against Nathan, summary judgment would still be warranted on the claims of personal liability against Nathan because, according to the plaintiff's testimony, Blankenship never stated what instructions Nathan is alleged to have given Blankenship.

In its order denying Nathan's motion to dismiss under Rule 12(b)(6), this Court cited *Sak v. CitiMortgage, Inc.*, 940 F.Supp.2d 802, 804 (N.D. Ill. 2013), for the proposition that "[a]n individual who aids, abets, assists, or directs the commission of a trespass by another can be liable for trespass." Doc. No. 29, p. 3. This Court ruled that the allegations in the Complaint that Nathan "directed the Blankenship Defendants to enter onto Lucas' property, excavate an existing ditch and dig a new ditch on his property, and destroy and remove trees" were sufficient to state "a colorable claim for trespass" against Nathan. *Id*.

As shown by the plaintiff's deposition testimony, he has no evidence to support the allegations against Nathan that were set forth in his Complaint and then repeated in the First Amended Complaint. Plaintiff has admitted to having no evidence of what specifically he claims Nathan may have told Blankenship to do – only hearsay evidence that Blankenship received some type of nonspecific, indefinite instruction from Nathan at some point. This is not sufficient to support a theory of liability against Nathan for allegedly aiding, abetting, assisting, or directing the commission of a trespass.

WHEREFORE, for the reasons stated above, Defendant Nathan Marlen respectfully requests that this Court grant him summary judgment on all claims in the First Amended Complaint directed against him individually, and for any other relief the Court deems just and proper.

                               /s/ John P. Cunningham
                               John P. Cunningham, #6193598
BROWN & JAMES, P.C.
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
618/235-5590; 618/235-5591 (Fax)
jcunningham@bjpc.com; smolla@bjpc.com

**AND**

Joseph A. Bleyer, #6193192
BLEYER AND BLEYER
601 West Jackson Street
P.O. Box 487
Marion, Illinois 62959-0487
618/997-1331; 618-997-6559 (Fax)
jableyer@bleyerlaw.com

*Attorneys for Defendant Nathan Marlen*

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 7th day of February, 2024, electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

| | |
|---|---|
| Britton L. St. Onge<br>Jon A. Bierman<br>Polsinelli PC<br>100 South Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>bstonge@polsinelli.com<br>jbierman@polsinelli.com<br>*Counsel for Plaintiff* | Jeffrey A. Mollet<br>Thomas G. DeVore<br>Silver Lake Group, Ltd.<br>560 Suppiger Way<br>P.O. Box 188<br>Highland, IL 62249<br>**Via U.S. Mail and E-Mail:**<br>jeff@silverlakelaw.com<br>tom@silverlakelaw.com<br>*Counsel for Defendants Doug Blankenship and Blankenship Construction Co.* |

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

                               /s/ John P. Cunningham

30058700.1