IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LUCAS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:23-cv-00056 –JPG |
| | ) |
| BLANKENSHIP CONSTRUCTION CO., | ) |
| DOUG BLANKENSHIP, and NATHAN | ) |
| MARLEN, | ) |
| | ) |
|    Defendants. | ) |

### DEFENDANT NATHAN MARLEN'S MOTIONS IN LIMINE

COMES NOW Defendant Nathan Marlen, by and through his undersigned counsel, and moves the Court *in limine* to order and instruct Plaintiff, Plaintiff's attorney, Defendants, and Defendants' attorneys from mentioning during voir dire, opening or closing statement, or at any other time during trial, or from presenting or eliciting any evidence of any of the following:

    1.    Plaintiff, Defendants, and their attorneys should be barred and prohibited from calling any fact or expert witness at trial, or introducing the evidence deposition of any such witness, not timely identified by them pursuant to a Rule 26 disclosures. Plaintiff, Defendants, and their attorneys should also be prohibited from eliciting testimony from any witness at trial not properly disclosed in answer to a Rule 26 interrogatory or in a discovery deposition.  See Federal Rule of Civil Procedure 26.

_____ Granted          _____ Denied

2. Plaintiff, Defendants, and their attorneys should be barred from eliciting testimony regarding any topics or opinions not disclosed in their Rule 26 disclosures.

_____ Granted          _____Denied

3. Plaintiff, Defendants, and their attorneys should be barred and prohibited from referring to Brown & James, P.C. as an "insurance defense firm" or that counsel is an "insurance defense lawyer", as that would be an attempt to bring the issue of insurance before the jury, which is not relevant and is not admissible.

_____ Granted          _____Denied

4. Plaintiff, Defendants, and their attorneys should be barred and prohibited from commenting on Defendant Nathan Marlen's failure to call any witness or produce evidence equally available to any party.

_____ Granted          _____Denied

5. Plaintiff, Defendants, and their attorneys should be barred and prohibited from introducing any photographs or videotapes which have not previously been made available to Defendant Nathan Marlen for inspection or viewing.

_____ Granted          _____Denied

6. Plaintiff, Defendants, and their attorneys should be barred from making any "Golden Rule" appeal, including any argument or testimony that the jury place

itself in Plaintiff's position, or the damages be based on a scenario whereby jurors hypothetically sustain injuries or damages similar to that purportedly sustained by plaintiffs. "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." See Spray-Rite Serv. Corp. v. Monsanto Co., 684 F.2d 1226, 1246 (7th Cir. 1982), aff'd, 465 U.S. 752, 104 S. Ct. 1464, 79 L. Ed. 2d 775 (1984).

_____ Granted          _____Denied

7. All witnesses, other than the parties to the lawsuit, be excluded from the courtroom and separated as to prevent their discussion of trial testimony during the taking of testimony. See Federal Rule of Evidence 615.

_____ Granted          _____Denied

8. Plaintiff, Defendants, and their attorneys should be barred and prohibited from offering evidence of or eliciting testimony or making any comment that defendant filed a Motion *in Limine* or that the Court has ruled one way or the other on the issues presented in this Motion *in Limine*.

_____ Granted          _____Denied

9. Plaintiff, Defendants, and their attorneys should be instructed to advise all witnesses from whom they intend to elicit testimony as to this Court's rulings on

Defendant Nathan Marlen's Motion *in Limine*, and to instruct said witnesses to refrain from mentioning any of the matters which have been excluded herein.

_____ Granted            _____ Denied

WHEREFORE, Defendant Nathan Marlen, respectfully requests that this Court enter an Order *in Limine* directing and instructing Plaintiff, Defendants, and their attorneys to refrain from mentioning during voir dire, opening and closing statement, or at any other time during trial, or from presenting any evidence of any of the matters outlined above, and for such further relief this Court deems just and proper.

/s/ John P. Cunningham
John P. Cunningham, #6193598
BROWN & JAMES, P.C.
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois  62220-1547
618/235-5590; 618/235-5591 (Fax)
jcunningham@bjpc.com; smolla@bjpc.com

and

Joseph A. Bleyer, #6193192
BLEYER AND BLEYER
601 West Jackson Street
P.O. Box 487
Marion, Illinois  62959-0487
618/997-1331; 618-997-6559 (Fax)
jableyer@bleyerlaw.com

*Attorneys for Defendant Nathan Marlen*

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 15th day of May, 2024, electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

Britton L. St. Onge
Jon A. Bierman
Polsinelli PC
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
bstonge@polsinelli.com; jbierman@polsinelli.com
*Counsel for Plaintiff*

Jeffrey A. Mollet
Thomas G. DeVore
Silver Lake Group, Ltd.
560 Suppiger Way
P.O. Box 188
Highland, IL  62249
jeff@silverlakelaw.com; tom@silverlakelaw.com
*Counsel for Defendants Doug Blankenship*
  *and Blankenship Construction Co.*

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ John P. Cunningham

30387124